UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

JESUS ALBERTO FLORES-
FLORES,

                          Petitioner,

v.                                                    No.  6:26-CV-00262-H

WARDEN, EDEN DETENTION
CENTER,[1]

                          Respondent.

## ORDER

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention pending immigration proceedings.  Dkt. No. 1.  In the petition, he incorporated an emergency motion for temporary restraining order to prevent his transfer to a different detention facility or his removal while this habeas petition remains pending.  Dkt. No. 1 at 13–14.  He also seeks expedited review of his petition.  *Id.* at 14.  As explained below, the motions for temporary restraining order and expedited review are denied.

1.     **Legal Standards**

It is well established that a district court has inherent power to control its docket.  *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005).  This power authorizes the Court to choose the order in which to hear and decide pending matters.  *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998).  There is no statutory or constitutional

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Eden Detention Center is the only proper respondent.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody).  All other named respondents will be terminated from this civil action.

right to the disposition of a habeas motion within a specific time. *See United States v. Samples*, 897 F.2d 193, 194 (5th Cir. 1990) (considering a motion to expedite a motion to vacate sentence under 28 U.S.C. § 2255). Section 1657 requires that courts expedite matters when good cause is shown. But this requirement is "relative, not specific." *Samples*, 897 F.2d at 194.

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot

grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

**2.    Analysis**

First, Petitioner asks the Court for expedited review of his petition. But the Court finds that Petitioner has not shown good cause for expedited briefing or for the Court's consideration of his habeas petition before older matters. Thus, Petitioner's motion to expedite is denied.

Second, Petitioner seeks relief on an emergency basis, but he has not met the requirements for emergency relief. He did include a declaration under penalty of perjury with his petition, Dkt. No. 1, but he does not allege specific facts that clearly show a threat of immediate and irreparable injury. Thus, he is not entitled to relief without giving Respondent the opportunity to be heard.

Next, the Court finds that Petitioner has not met the required elements for a TRO. He has not pled any facts to show that he faces a substantial threat of serious harm, that the balance of hardships weighs in his favor, or that the requested TRO will serve any public interest. To the extent Petitioner seeks an order preventing his transfer from this Court's jurisdiction, the request is denied as unnecessary. Petitioner's transfer will not affect the Court's jurisdiction. Jurisdiction attaches on the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change. *See Griffin v.*

*Ebbert*, 751 F. 3d 288, 291 (5th Cir. 2014).  And his pleadings suggest that his immigration proceedings remain pending and he is not subject to a final order of removal.  So he cannot show that the threat of removal is imminent.  Thus, the Court denies the motion to prevent transfer or removal.

Finally, and in any event, the Court must deny Petitioner's request for stay of removal for lack of jurisdiction.  "The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)).  The passage of that act also divested district courts of jurisdiction to consider requests for a stay of removal proceedings.  *See, e.g.,* *Idokogi v. Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (per curiam) (citing 8 U.S.C. § 1252(g) and *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).  The Court therefore lacks jurisdiction to stay Petitioner's removal.

This habeas petition remains pending, and the Court will enter a separate order requiring Respondent to file a prompt response and setting a schedule for briefing.

So ordered on August 4, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

– 4 –